UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WAYNE POTTER,

      Plaintiff,

  v.

DEUEL VOCATIONAL INSTITUTION, et al.,

      Defendants.

No. 2:14-cv-1727 CKD P

ORDER

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15 In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
20 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
23 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
24 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26 U.S. 232, 236 (1974).

27 /////
28 /////

1    In the amended complaint filed August 5, 2014,[1] plaintiff challenges the length of his
2    sentence.  This is not a proper basis for bringing a claim under 42 U.S.C. § 1983.  When a state
3    prisoner challenges the legality of his custody and the relief he seeks is the determination of his
4    entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus.
5    Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The court will grant plaintiff leave to file a
6    second amended complaint so that he may attempt to state a valid claim under 42 U.S.C. § 1983.
7    However, if it is plaintiff's intent to challenge the length of his sentence, he should most likely
8    initiate an action for writ of habeas corpus under 28 U.S.C. § 2254.

9    If plaintiff elects to file a second amended complaint, plaintiff is informed that the court
10   cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.
11   Local Rule 220 requires that any amended complaint be complete in itself without reference to
12   any prior pleading.  This is because, as a general rule, an amended complaint supersedes the
13   original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an
14   amended complaint, the prior pleading no longer serves any function in the case.  Therefore, in an
15   amended complaint, as in an original complaint, each claim and the involvement of each
16   defendant must be sufficiently alleged.

17   In accordance with the above, IT IS HEREBY ORDERED that:
18   1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2 & 6) is granted.
19   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
20   shall be collected and paid in accordance with this court's order to the Director of the California
21   Department of Corrections and Rehabilitation filed concurrently herewith.
22   3. Plaintiff's amended complaint is dismissed.
23   4. Plaintiff is granted thirty days from the date of service of this order to file a second
24   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
25   of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
26   /////
27
28   _____
     [1] Plaintiff's August 5, 2014 amended complaint supersedes his original complaint.

number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal.

Dated: October 8, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pott1727.14.new